Case 20-00477 Doc 135 Filed 04/24/20 Entered 04/24/20 13:06:02 Desc Exhibit
Response to Debtors Objection to Claim Page 1 of 5

Case 20-00477 Doc 41-1 Filed 04/24/20 Entered 04/24/20 13:00:08 Desc Exhibit
Document Page 1 of 5

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | 20-00477 |
| | ) | |
| TYRA KENNEDY-WINSTON, | ) | Chapter 13 |
| | ) | |
| *Debtor(s).* | ) | Hon. Judge CASSLING |
| | ) | |

### CREDITOR'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 15 (MARY CATHERINE HICKS)

Secured Creditor, Mary Catherine Hicks ("Creditor"), in the above-captioned Chapter 13 case of Tyra Kennedy-Winston ("Debtor"), by and through her attorneys, Segal McCambridge Singer & Mahoney, Ltd., respectfully submits this response ("Response") to Debtor's *Objection to Claim No. 15 (Mary Catherine Hicks)* ("Objection"). In support of her Response, Creditor states as follows:

1. Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (Case No. 20-00477) on January 8, 2020. *See* Doc. No. 1.

2. In 2008, Creditor initiated a landlord-tenant lawsuit against the owners of the property located at 5731 W. Race Ave., Chicago, IL, including Debtor, in the case of *Mary Catherine Hicks v. Mae Roberts, et. al.* (Case No. 08-M1-147818) in Cook County Municipal Court, which proceeded to arbitration. An award of arbitrators was filed with the Clerk of the Circuit Court of Cook County, Illinois, and was entered in an amount of $9,750.00 in favor of Creditor and against Debtor on July 30, 2009 ("Judgment"). The law offices of Greenberg Traurig, LLP, represented Creditor in that suit.

3. Creditor's former counsel recorded the Judgment with the Cook County Recorder of Deeds in 2012. *See* Exhibit A.

4. In July 2013, the law offices of Segal McCambridge Singer & Mahoney, Ltd., took over ongoing representation of Creditor on a *pro bono* basis.

5. On July 5, 2013, Debtor filed a prior Chapter 7 bankruptcy petition in this district ("Chapter 7 Case"). *See* Bankruptcy Case No. 13-27282, Doc.1.

6. Creditor was not listed as a creditor in the Bankruptcy Schedules initially filed by Debtor in the Chapter 7 Case and did not receive notice of the case when it was initiated. *Id.*, at Docs. 1 & 9.

7. On September 19, 2013, Debtor filed an Amended Schedule F, which listed Creditor as an unsecured creditor. *Id.*, at Doc. 28.

8. On October 22, 2013, a discharge order was entered in the Chapter 7 Case, notice of which was sent to Creditor's prior counsel, Greenberg Traurig, LLP. The case was closed on October 25, 2013. *Id.*, at Docs. 31, 32, & 32.

9. On March 28, 2018, Debtor filed a Chapter 13 bankruptcy case, along with a Chapter 13 plan which was confirmed on July 26, 2018 ("Chapter 13 Case"). *See* Bankruptcy Case No. 18-09010, Docs. 1 & 37.

10. Creditor was not listed as a creditor in Debtor's Schedules and was not notified of the Chapter 13 Case until May 7, 2018. Additionally, the docket is devoid of any amendments to the Schedules to add Creditor as a creditor in the case. *Id.* at Docs. 1, 22, & 31.

11. On October 31, 2019, the Chapter 13 Case was dismissed, without a discharge entered, for Debtor's failure to make plan payments. *Id.*, at Doc. 78.

12. On May 21, 2018, as a procedural measure in order to prevent the Judgment from lapsing due to debtor's failure to pay the amount due, Creditor revived the Judgment for the entire

amount owed pursuant to 735 ILCS 5/2-1602 (permitting a judgment to be revived seven (7) years after its entry or its last revival).

13. The revival of judgment in no way presented a prejudice to the Debtor's Chapter 13 Case, nor was it an attempt to collect outside the bankruptcy; rather, it was a procedural measure meant to ensure the pendency of the secured debt.

14. On January 8, 2020, Debtor filed her proposed Plan in this matter. *See* Doc. 2.

15. A review of Debtor's Schedule E/F shows Debtor incorrectly classified Creditor's claim as an unsecured claim and incorrectly lists Creditor's debt as in an amount of $0.00.

16. On February 20, 2020, Creditor filed a proof of claim for her secured debt in this matter, Claim No. 15 on the Claims Register, in the amount of $18,984.18 for the Judgment, plus 9% fixed annum interest as mandated by 735 ILCS 5/2-1303 ("Secured Claim"), to secure her rights in Debtor's current Chapter 13 case.

17. Creditor attached the proof of recordation to the Secured Claim, showing a stamped file copy of the recorded Judgment with the Cook County Recorder of Deeds as dated March 28, 2012. See Exhibit A.

18. On March 30, 2020, Debtor filed the Objection to Creditor's Secured Claim, on the basis that, among others, there was no attachment showing the Judgment was recorded against Debtor.

19. Creditor is of the belief that all necessary documents have been filed as attachments to the Secured Claim. Should the Court require any additional documents, Creditor requests sixty (60) days to acquire any such documents. The additional time would be especially necessary given

the Cook County Recorder of Deeds' notice on its website, which shows that due to the ongoing COVID-19 pandemic, the office will remain closed through April 30, 2020.[1]

WHEREFORE, Creditor, Mary Catherine Hicks, respectfully requests that this Honorable Court enter an order overruling Debtor's Objection and allow Creditor's Claim No. 15 in its entirety, or in the alternative, afford Creditor sixty (60) days to acquire any additional documents the Courts deems necessary, and for any additional relief that the Court deems just and proper.

> Respectfully submitted,
>
> SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
>
> B y :   */s/ T a o f i k a t  I .  N i n a l o w o*
> Patrick F. Sullivan, Esq. – ARDC #1119709
>  psullivan@smsm.com
> Taofikat I. Ninalowo, Esq. – ARDC #6330207
> tninalowo@smsm.com
> SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
> 233 Wacker Drive, Suite #5500
> Chicago, Illinois 60606
> Tel: (312) 645-7800
> Fax: (312) 645-7711
> Attorneys for Secured Creditor, Mary Catherine Hicks

---

[1] https://cookrecorder.com/

4

Exhibit A



Judgment on Award of Arbitration, Circuit Court of Cook County, Mandatory Arbitration Program, Municipal District. Mary Catherine Hicks v. Mae Roberts et al., No. 08-M1-147818. Judgment entered in favor of Plaintiff Mary Catherine Hicks and against Defendants Mae Roberts, Ivory L. Kennedy, and Tyra V. Kennedy in the amount of $9,750.00 plus $6.00 in costs. Signed by Judge Laurence J. Dunford, Jul 30 2009.

5